| | |
|---|---|
| 1 | Joshua B. Swigart (SBN 225557) |
| 2 | josh@swigartlawgroup.com |
|   | **SWIGART LAW GROUP, APC** |
| 3 | 2221 Camino Del Rio S., Ste. 308 |
| 4 | San Diego, CA 92108 |
|   | Phone: 866-219-3343 |
| 5 | Fax: 866-219-8344 |

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.H., individually, and on behalf of all others similarly situated, | Case No.: **'20CV0634 JM  LL** |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF |
| v. | |
| TANDEM DIABETES CARE, INC., | (1) THE CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CIVIL CODE §§ 56 ET SEQ. ("CMIA") |
| Defendant. | (2) NEGLIGENCE |
| | JURY TRIAL DEMANDED |

|   |   |
|---|---|
| 1 | Named Plaintiff C.H. ("Plaintiff"), using pseudonyms used to protect the |
| 2 | privacy of the named Plaintiff, bring this class action on behalf of themselves |
| 3 | individually and all others similarly situated, by and through their attorneys, against |
| 4 | Defendant TANDEM DIABETES CARE, INC. ("TDC" or "Defendant") and allege |
| 5 | upon information and belief as follows: |

## INTRODUCTION

1. Under the Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq.* (hereinafter referred to as the "CMIA"), Plaintiff C.H., and all other persons similarly situated, had a right to keep their personal medical information provided to Defendant TANDEM DIABETES CARE, INC., ("Defendant") confidential. The short title of the CMIA states, "The Legislature hereby finds and declares that persons receiving health care services have a right to expect that the confidentiality of individual identifiable medical information derived by health service providers be reasonably preserved. It is the intention of the Legislature in enacting this act, to provide for the confidentiality of individually identifiable medical information, while permitting certain reasonable and limited uses of that information." The CMIA specifically provides that "a provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization...." Civil Code. § 56.10(a). The CMIA further provides that "Every provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein. Any provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains, preserves, stores, abandons,

destroys, or disposes of medical records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36." Civil Code § 56.101(a).

2. Civil Code § 56.36(b) provides Plaintiff, and all other persons similarly situated, with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by specifically providing that "[i]n addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000). *In order to recover under this paragraph, it shall not be necessary that the plaintiff suffered or was threatened with actual damages*. (2) The amount of actual damages, if any, sustained by the patient." (Emphasis added.)

3. This class action is brought on behalf of Plaintiff and a putative class ("the Class") defined as:

> Subclass 1:
>
> All citizens of the State of California who received medical care from TANDEM DIABETES CARE, INC. whose identities, personal data, and medical information were contained in an email account discovered on or about January 17, 2020.
>
> Subclass 2:
>
> All citizens who received medical care from TANDEM DIABETES CARE, INC. whose identities, personal data, and medical information were contained in an email account discovered on or about January 17, 2020.

4. As alleged in greater detail below, Defendant discovered on or about on January 17, 2020, that certain confidential patient data was disseminated to unauthorized and undisclosed third parties. Plaintiff and other similarly situated members of the putative class were patients, receiving or received medical care from Defendant. Plaintiff and other patients relied on Defendant not only to aid them in procuring life- saving treatments, but to keep their personal medical information, including their identities, medical record numbers, parent and guardians' names, and descriptions of the imaging study, and the names of the referring physician strictly confidential as required by the CMIA and other applicable laws. As alleged more fully below, Defendant negligently created, maintained, preserved, and stored Plaintiff' and the Class members' confidential medical information without Plaintiff' and the Class members' prior written authorization, which constitutes an unauthorized release of their confidential medical information in violation of Civil Code § 56.101 of the CMIA. Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiff seeks for himself/herself individually and on behalf of all others similarly situated, nominal damages from Defendant in the amount of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1). Additionally, Plaintiff, individually an on behalf of all others similarly situated, seek injunctive relief.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over thus action under 28 U.S.C. § 1332(d) of the Class Action Fairness Act ("CAFA") because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, with at least one member of the proposed Class being a citizen of a different state than Defendant.

9. Venue is appropriate in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendant lists their principle place of business in California, as being located in San Diego. (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   a) is authorized to conduct business in this district and has intentionally availed itself to the laws and markets within this district;
   b) does substantial business within this district;
   c) is subject to personal jurisdiction with this district because it has availed itself o the laws and markets within this district; and
   d) the harm to Plaintiff C.H. occurred within this district.

## PARTIES

10. Plaintiff C.H. is a resident and citizen and resident of the State of California, and is a person receiving and/or received medical care by Defendant. At all times relevant to this action, Plaintiff C.H. was a patient of Defendant.

11. Defendant TANDEM DIABETES CARE, INC. is a domestic healthcare provider under the laws of the State of California with a principal place of business and/or headquarters located at 11075 Roselle Street, San Diego, CA 92121.

**FACTUAL ALLEGATIONS**

12. Plaintiff incorporate by reference all of the above paragraphs of this complaint as if fully stated herein.

13. Plaintiff C.H. is a person who received and/or are currently receiving medical care from Defendant.

14. Defendant TANDEM DIABETES CARE, INC. is a provider of health care services including products surrounding the treatment of diabetes. Defendant is a health care provider under the laws of the State of California with a principal place of business and/or headquarters located at 11075 Roselle Street, San Diego, CA 92121.

15. On or about January 17, 2020, Defendant determined that a large number of patients' personal information was accessed by one or more unauthorized third parties through a "phishing" incident. The personal and private information of Defendant's patients improperly disclosed. That information included, but is not limited to, patient names, social security numbers and other private, confidential patient information.

16. As a medical care provider, Defendant was privy to Plaintiff's confidential medical information. As a custodian of the private health information of its clients, the Defendant is required by state law to ensure that such information is not disclosed or disseminated without the clients' consent.

17. Among the services that Defendant provides, it is pertinent that authorized medical professionals have access to their clients' confidential medical

information in the system, and to subsequently access the private health information of individuals receiving health care services from Defendant.

18. On or about January 17, 2020, Defendant sent a letter notifying patients of the data breach. The letter was signed by TDC President and CEO, John Sheridan stating that their records were comprised when an unknown, unauthorized third party accessed patients' personal information through a "phishing" incident. Defendant requires patients to provide detailed information about their health care, as well as access to their medical records. At all relevant times, all people were patients receiving health care services from Defendant.

19. Defendants' investigation has been unable to determine whether Plaintiff's and the Class members' personal information may have been accessed by one or more additional persons and to date has not disclosed the identity of the individual(s) who may have improperly accessed Plaintiff's and the Class members' patient information. Further, the information about Plaintiff and the Class that may have been inappropriately accessed have included Plaintiff's and the Class members' billing and insurance information, patient referral information, and appointment records.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action on behalf of himself/herself individually and on behalf of all others similarly situated. The putative class ("the Class") that Plaintiff seeks to represent is composed of two subclasses:

Subclass 1:

All citizens of the State of California who received medical care from TANDEM DIABETES CARE, INC. whose identities, personal data, and medical information were contained in an email account discovered on or about January 17, 2020.

<u>Subclass 2:</u>

All citizens who received medical care from TANDEM DIABETES CARE, INC. whose identities, personal data, and medical information were contained in an email account discovered on or about January 17, 2020.

21.  Excluded from the Class are any of Defendant's officers, directors, employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any entity in which Defendant has a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class.

22.  The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant.

23.  There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the class, and Plaintiff can fairly and adequately represent the interests of the Class.

24.  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

  a) Whether Plaintiff and the Class had their medical information recorded onto Defendant's internet portal or platforms on or before January 17, 2020.

  b) Whether Defendant's publishing Plaintiff's and the Class' medical information on the internet that was being stored on an email account, accessible to anyone without the need for decryption or entry of a password, was permissible without the prior written authorization of Plaintiff and the Class, as required by Civil Code § 56.10 of the CMIA;

c) Whether Defendant's publishing Plaintiff's and the Class' medical information on the Internet that was being stored on an email account, accessible to anyone without the need for decryption or entry of a password, was permissible without written authorization from the Plaintiff and the Class under any exemption under Civil Code § 56.10(c);

d) Whether Defendant's publishing Plaintiff's and the Class' medical information on the Internet that was being stored on an email account, accessible to anyone without the need for decryption or entry of a password, constitutes a release of Plaintiff's and the Class' confidential, individual identifiable medical information in violation of Civil Code §56.101 of the CMIA; and

e) Whether Plaintiff and the Class are entitled to nominal and/or statutory damages.

25. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, were exposed to virtually identical conduct and are entitled to nominal damages of one thousand dollar ($1,000) per violation pursuant to Civil Code §§ 56.101 56.36(b)(1), and actual damages, if any, per violation pursuant to Civil Code §§ 56.101, 56.36(b)(2).

26. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff have no interest that is contrary to or in conflict with those of the Class they seek to represent during the Class Period. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious

trials of the numerous common questions of fact and law in the State of California. Plaintiff know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28. Proper and sufficient notice of this action may be provided to the Class members through direct mail.

29. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of this action as a class action, Plaintiff and the members of the Class will continue to be damaged by the unauthorized release of their individual identifiable medical information.

## CAUSES OF ACTION

### Count I

### Violations of the Confidentiality of Medical Information Act ("CMIA")
### California Civil Code §§ 56, et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

31. Defendant is a "licensed health care professional," within the meaning of Civil Code § 56.05(h), and maintained and continues to maintain "medical information," within the meaning of Civil Code § 56.05(j), of "patients" of the Defendant, within the meaning of Civil Code § 56.05(k).

32. Plaintiff and the Class are "patients" of Defendant within the meaning of Civil Code § 56.05(k) and are "endanger[ed]" within the meaning of Civil Code § 56.05(e) because Plaintiff and the Class fear that disclosure of their medical information could subject them to harassment or abuse. Furthermore, Plaintiff and

the Class, as patients of Defendant, had their individually identifiable "medical information," within the meaning of Civil Code § 56.05(j), created, maintained, preserved, and stored on Defendant's computer network, and were patients in March 3, 2020.

33.     By making Defendant's email account accessible to third parties, Defendant negligently created, maintained, preserved, stored, and then exposed Plaintiff' and the Class members' individual identifiable "medical information," within the meaning of Civil Code § 56.05(j), including Plaintiff's and the Class members' names, genders, date of birth, medical record numbers, parent and guardians' names, descriptions of the imaging study and the names of the referring physician, on the Defendants' internal internet portal maintained by Defendant.

34.     Defendant allowed Plaintiff's and the Class members' medical information to become publicly available on the Internet by publishing it on an email account which was accessed by unidentified unauthorized third parties.

35.     Defendant allowed to be published Plaintiff's and the Class members' medical information through one of Defendant's email accounts, without the prior written authorization of Plaintiff and the Class, as required by Civil Code § 56.10 of the CMIA.

36.     Defendant's failure to obtain the written consent of Plaintiff and the Class before allowing to be published Plaintiff's and the Class members' medical information that was being stored on an email account, accessible to anyone without the need for decryption or entry of a password, without the prior written authorization of Plaintiff and the Class, constitutes a negligent release of Plaintiff's and the Class members' confidential, individual identifiable "medical information" to an unauthorized person or persons in violation of Civil Code § 56.101 of the CMIA and the common law.

37.     Furthermore, Defendant's publishing Plaintiff's and the Class members' medical information on the Internet that was being stored on an email

account, was not permissible without written authorization from the Plaintiff and the Class under any exemption under Civil Code § 56.10(c).

38. As a result of Defendant's above-described conduct, Plaintiff and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101.

39. Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiff, individually and for each member of the Class, seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2) and damages provided by the common law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action as to both Subclass 1 and 2;
- That the Court appoint Plaintiff to serve as the Class Representative in this matter and appoint Plaintiff's Counsel as Class Counsel;
- That Plaintiff and the Class be awarded prejudgment interest, reasonable attorneys' fees, and costs of suit pursuant to Code of Civil Procedure § 1021.5 and California Civil Code § 1780, and/or any other applicable law;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein;
- That Plaintiff and the Class be awarded injunctive relief prohibiting such conduct in the future;

## For Count I

## Violations of Cal. Civ. Code §§ 56, et seq. (CMIA)

- An award of nominal damages in the amount of $1,000.00 per violation to each of the named Plaintiff individually and to each member of the Class pursuant to Cal. Civ. Code § 56.36(b)(1);
- An award of actual damages according to proof per violation pursuant to Cal. Civ. Code § 56.36(b)(2); and
- Any and all further relief that this Court deems just and proper.

## For Count II

## Negligence

- As alleged in this complaint, Defendant undertook care of confidential medical information and personal information belonging to Plaintiff and the putative class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of patient data loss and harm and identity theft and other economic losses, in amounts to be decided by the jury.

Respectfully submitted,

Dated: April 1, 2020                    **SWIGART LAW GROUP, APC**

_/s/ Joshua B. Swigart_
Joshua B. Swigart
*Attorneys for Plaintiff*
*and the Putative Class*

CLASS ACTION COMPLAINT                    13